# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| REINA I. RIVERA,        ) | NO. CV 09-02761 AGR |
| Plaintiff,        ) | |
| v.        ) | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE,        ) Commissioner of Social Security,        ) | |
| Defendant.        ) | |

Reina Rivera filed this action on April 23, 2009.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on April 30, 2009 and May 14, 2009.  (Dkt. Nos. 8-9.)  On January 5, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court remands this matter to the Commissioner for further proceedings consistent with this opinion.

///
///
///
///

**I.**

## PROCEDURAL BACKGROUND

On December 7, 2005, Rivera filed applications for Disability Insurance Benefits and Supplemental Security Income alleging a disability onset date of May 8, 2002. Administrative Record ("AR") 17. The applications were initially denied. AR 4, 17. An Administrative Law Judge ("ALJ") conducted a hearing on July 2, 2007, at which Rivera and June Hagen, a vocational expert ("VE") testified. AR 137-152. On October 2, 2007, the ALJ issued a decision denying benefits. AR 17-25. The Appeals Council denied Rivera's request for review. AR 4-6. This action followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

//
//
//

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

Rivera has the following severe combination of impairments: "cervical and lumbar spine degenerative disc disease/musculoligamentous strain." AR 19.

These severe impairments do not, either individually or in combination, meet or equal any condition listed in 20 C.F.R., Part 404, Subpart P, Appendix 1 (Listing of Impairments). AR 22. Rivera has the residual functional capacity ("RFC") to perform light work[1] "not involving more than occasional twisting, stooping and bending." *Id.*

Rivera is capable of performing past relevant work as a kitchen worker/food assembler (Dictionary of Occupational Titles ("DOT") 319.484-010). AR 24.

## C. Consideration of Treating Physician's Opinion in Determining Rivera's RFC to Perform Past Relevant Work

Rivera argues that the ALJ's determination that she retains the RFC to perform her past relevant work is not supported by substantial evidence. JS at 4.

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b).

Specifically, Rivera contends that the ALJ failed to consider the opinion of Rivera's treating physician, Dr. Gromis, in assessing her RFC. JS at 6. Although articulated as a single argument, Rivera's complaint actually consists of two parts, which the Court will address seriatim: (1) whether the ALJ properly considered the opinion of Dr. Gromis; and (2) whether Rivera's RFC supports the ALJ's finding that she is able to perform her past relevant work.

### 1. Consideration of Dr. Gromis's Opinion

In evaluating medical opinions, the case law and regulations distinguish among three types of physicians: (1) treating physicians (who examine and treat), (2) examining physicians (who examine but do not treat), and (3) non-examining physicians (who neither examine nor treat). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); 20 C.F.R. §§ 404.1502 & 416.927. An opinion of a treating physician is given more weight than the opinion of a non-treating physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). When the ALJ declines to give a treating physician's opinion controlling weight, the ALJ considers several factors, including the following: (1) length of the treatment relationship and frequency of examination; (2) nature and extent of the treatment relationship; (3) the amount of relevant evidence supporting the opinion and the quality of the explanation

///

provided; (4) consistency with the record as a whole; and (5) the specialty of the physician providing the opinion. See id. at 631; 20 C.F.R. § 404.1527(d)(1)-(6).

Rivera argues that the ALJ neglected to consider the "non-exertional limitations on [her] neck movement and reaching" reported by Dr. Gromis. JS 6. In April 2005, Dr. Gromis prepared a "permanent and stationary orthopedic report" (the "Report") in connection with Rivera's workers' compensation claim. AR 19-20 (citing AR 96-105). Dr. Gromis concluded that Rivera had the following work restrictions:

> 1. With regard to the cervical spine, [Rivera] has sustained a disability precluding heavy lifting. This contemplates the individual has lost approximately 50 percent of pre-injury capacity for lifting and *no prolonged repetitive upward or downward, side to side or rotary motions, looking or gazing motions and no overhead work or prolonged repetitive reaching*.
>
> 2. With regard to the lumbar spine, the patient has sustained a disability precluding heavy work. This contemplates the individual has lost approximately 50 percent of pre-injury capacity for performing such activities as bending, stooping, lifting, pushing, pulling and climbing or other activities involving comparable physical effort.

AR 105 (emphasis added).

The ALJ summarized these work restrictions in the decision as follows:

> Dr. Gromis diagnosed the claimant with cervical and lumbosacral spine musculoligamentous sprain/strain, and assessed her as precluded from 'heavy' work and having lost 50% of her pre-injury capacity for bending, lifting,stooping, pushing, pulling, repetitive head

5

|   |   |
|---|---|
| 1 | movements, overhead work and prolonged, repetitive |
| 2 | reaching. |

AR 20; *see also* AR 23. The ALJ stated that she determined Rivera's RFC "in light of [Rivera's] credibility and the available medical evidence, including Dr. Gromis' report . . . ." AR 20, 24.

The Report states that Rivera is to do "no prolonged repetitive upward or downward, side to side or rotary motions, looking or gazing motions and no overhead work or prolonged repetitive reaching." AR 105. Because the Report is somewhat ungrammatical, the ALJ appears to have misread Dr. Gromis' report to mean that Rivera lost 50% of her pre-injury capacity for repetitive head movements, overhead work and prolonged, repetitive reaching. AR 20. Therefore, the ALJ did not address those restrictions.

The Commissioner argues that any error is harmless because the restrictions on repetitive head movements, overhead work and prolonged repetitive reaching were based on Rivera's subjective complaints, which were properly discounted by the ALJ. JS 14. However, this court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). A court "may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630. The ALJ did not address the restrictions at issue, and this Court declines to speculate on the ALJ's conclusions on remand.

Remand is appropriate so that the ALJ may consider Dr. Gromis' opinion that Rivera is precluded from prolonged repetitive upward or downward, side to side or rotary motions, looking or gazing motions and no overhead work or prolonged repetitive reaching.

### 2.  RFC to Perform Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r*, 533

F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "This is done by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work." *Id.* at 844-45; *see also* 20 C.F.R. §§ 404.1520(e) & 416.920(e). When an ALJ relies on the DOT for a job description of a claimant's past relevant work, the ALJ must "definitively explain" any deviation between the DOT and the claimant's noted limitations. *Pinto*, 249 F.3d at 847.

Rivera contends that if she is precluded from repetitive upward or downward, side to side or rotary motions, looking or gazing motions and no overhead work or prolonged repetitive reaching, she cannot perform her past relevant work as kitchen worker/food assembler (DOT 319.484-010). JS 6.

Both Rivera and the Commissioner agree that in light of the VE's testimony that Rivera was incapable of performing her past relevant work as actually performed, the ALJ's determination that Rivera is capable of performing her past relevant work can only be understood to mean her past relevant work as generally performed. JS 6, 11 (citing AR 148-49). When determining how work is generally performed, an ALJ may rely on descriptions given by the DOT, which raises a rebuttable presumption as to job classification, or on the testimony of a VE. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ must explain why a claimant can work despite any divergence between the DOT and the claimant's limitations. *Pinto*, 249 F.3d at 847.

According to the DOT, a kitchen worker/food assembler "[p]repares meal trays in commissary kitchen for inflight service of airlines, multiunit restaurant chains, industrial caterers, or educational, and similar institutions." DOT 319.484-010. The DOT further indicates that the job will involve "stooping" on an occasional basis (up to one-third of the time) and "reaching" on a frequent basis

7

(from one-third to two-thirds of the time).  *Id.*  Climbing, balancing, kneeling, crouching and crawling are not required for this job.  *Id.*

Remand is appropriate so the ALJ may reconsider her step four determination.[2]  *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (remand is warranted where there are outstanding issues that must be resolved before a determination of disability can be made).

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the matter is remanded for (a) consideration of Dr. Gromis' findings in assessing Rivera's RFC, (b) reevaluation of Rivera's ability to perform past relevant work as generally performed in light of Rivera's RFC at step four, and (c) if appropriate, a step five determination.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:  July 15, 2010

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[2]  Rivera argues that the VE testified she would be precluded from her past relevant work if Dr. Gromis' restrictions are accepted. JS 9. However, the hypothetical included not only Dr. Gromis' limitations but also a limitation to sedentary work, and the VE testified that Rivera's past relevant work was not sedentary. AR 151. Accordingly, the VE's testimony is not at all clear. AR 149-51.